IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                      ORDER

      v.                                 11-cr-80-bbc-2

CODY ALLEN DELAO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Cody Allen Delao's supervised release was held on November 30, 2016, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Laura Przybylinski Finn. Defendant was present in person and by counsel, Morris Berman. Also present was Supervisory Probation Officer Michael P. Bell.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

On January 31, 2012, defendant was sentenced in the Western District of Wisconsin following his conviction for possession of pseudoephedrine to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (c)(2). This offense is a Class C felony. He was sentenced to 60 months' imprisonment, to be followed by a three-year term of supervised release. On November

1

21, 2014, defendant's term of imprisonment was reduced to time served, effective November 1, 2015. The three-year term of supervised release remained unchanged. Defendant began his term of supervised release on October 30, 2015, in the Eastern District of Wisconsin, but jurisdiction remained in the Western District of Wisconsin.

On May 19, 2016, defendant violated Standard Condition No. 11 of his conditions of supervised release, which required him to notify the probation office within seventy-two hours of being arrested or questioned by a law enforcement officer, when he drove under the influence of a stimulant, was arrested by the Sparta, Wisconsin, police department and failed to notify his supervising U.S. probation officer of the arrest. Following this arrest, defendant was charged in the Circuit Court for Monroe County, Wisconsin in case no. 16CT134 with operating while under the influence (second offense), operating with restricted controlled substance (second offense) and a vehicle registration infraction. On November 11, 2016, he entered a plea of no contest to operating with restricted controlled substance (second offense). The maximum penalty for this offense was increased to not more than two years' imprisonment for habitual criminality under Wis. Stat. § 939.62(1)(a). In light of the conviction, I find that defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, as well as Special Condition no. 3, requiring him to abstain from the use of illegal drugs.

Defendant has been charged in the Circuit Court for La Crosse County, Wisconsin case no. 16CF416, with possessing amphetamines with intent to deliver and operating under the influence and, in case no. 16TR4229, with refusing to take a test for

intoxication after arrest. It is also alleged that defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, as well as Special Condition No. 3, requiring him to abstain from the use of illegal drugs when he was arrested on May 24, 2016 for driving under the influence of a controlled substance (second offense), reckless driving-endangering safety, possession with intent to deliver methamphetamine and failure of occupant to notify police of accident. These charges are pending and I will not make a finding on the record in accordance with the parties' joint agreement that the pending charges can best be decided on their merits by the Circuit Court for La Crosse County. I note for the record that defendant was found guilty of reckless driving–endangering safety in case no. 16TR2492 and of failure to notify police of an accident in case no. 16TR2493 in the Circuit Court for La Crosse County. Neither of these infractions is a criminal offense.

Defendant violated Standard Condition No. 1 when he traveled to La Crosse County, Wisconsin, from the Eastern District of Wisconsin on May 19 and May 24, 2016 without prior permission from the court or the probation office.

Defendant's most serious violation falls into the category of a Grade B violation. Under § 7B1.3(a)(1), the court is to revoke the term of supervised release upon a finding of a Grade B violation.

CONCLUSIONS

Defendant's criminal history falls into category V. With a Grade B violation, his advisory guideline term of imprisonment is 18 to 24 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which he can be sentenced upon revocation is 24 months because his underlying offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Guidelines Manual, I have selected a sentence below the advisory guideline range to hold defendant accountable for his noncompliance, to protect the public and to provide him another opportunity for rehabilitative programming. Such a sentence is reasonable and no greater than necessary to satisfy the statutory purposes of sentencing upon revocation as set forth at 18 U.S.C. § 3583. A term of supervised release to follow will meet defendant's correctional and rehabilitative needs.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Cody Allen Delao on January 31, 2012 and affirmed on November 21, 2014, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 15 months. This sentence is to run concurrently with any sentence that may be imposed by the Circuit Court for La Crosse County in cases nos. 16CF416 and 16TR4229. A 24-month period of supervised release shall follow. Defendant's poor

adjustment to supervision demonstrates a need for future assistance in transitioning back into the community following the term of imprisonment. A term of supervised release will help to address the risks defendant presents to the public and his need for further supervision. The discretionary conditions set out below are reasonably related to the offense of conviction, as well as to defendant's personal history and characteristics.

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(14); 18 U.S.C. § 3603(2) and (7); USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(15) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |

| | | |
|---|---|---|
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(C), (D) and (E);<br>USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (19);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(D) and (b)(2);<br>USSG §5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(7);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |

6

| | | |
|---|---|---|
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research.  This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(6);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(B), (C) and (D);<br>USSG §5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

| | | |
|---|---|---|
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG § 5B1.3 (b)(1)(A), (B), (C) and (D);<br>USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | **As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.** | To protect the public from further crimes perpetrated by defendant.<br>18 U.S.C. § 3553(a)(1), (b)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(3), (4), (5), (6), (13) and (16);<br>in a case of crimes against property 18 U.S.C. § 3555;<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |

8

| | | |
|---|---|---|
| 12) | **Participate in substance abuse treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.** | Imposed based on defendant's prior substance abuse history, including use of illicit drugs while on supervision. |
| 13) | **Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.  Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.** | Imposed based on defendant's prior mental history as summarized in the presentence report. |
| 14) | **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Imposed based on the nature of the offense of conviction which is a controlled substance offense, the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history and the need to ensure the safety of the supervising U.S. probation officer. |

| | |
|---|---|
| 15) **Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns.** | Imposed based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. |

The parties had advance notice of these conditions and do not object to any of them.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. He is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. Defendant is remanded to custody to begin service of sentence.

Entered this 30th day of November, 2016

BY THE COURT:

/s/

_____
Barbara B. Crabb
District Judge